UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-21437-CIV-ROSENBAUM/SELTZER

ROLEX WATCH U.S.A., INC.,

    Plaintiff,

v.

RAINBOW JEWELRY, INC.,

    Defendant.
_____/

## PERMANENT INJUNCTION ORDER

This cause is before the Court on the joint application of Plaintiff Rolex Watch U.S.A., Inc. (hereinafter referred to as "Plaintiff" or "Rolex"), and Defendant Rainbow Jewelry, Inc. (hereinafter "Defendant" or "Rainbow") (collectively the "Parties").

The Parties have stipulated and agreed as follows:

    a.    This Court has jurisdiction over the subject matter of this action.

    b.    This Court has jurisdiction over Defendant.

    c.    Plaintiff is engaged in the manufacture, sale and distribution in interstate and foreign commerce of prestigious, high-quality, luxury merchandise.

    d.    Plaintiff represents that it owns many different federally registered trademarks, including, but not limited to, the following federal trademark registration in the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| **ROLEX** | 101,819 | 1/12/15 | Watches, clocks, parts of watches and clocks, and their cases |

  e. The Parties have entered into a settlement agreement, pursuant to which the Parties have agreed to the entry of the following Permanent Injunction, without any admission of wrongdoing by Rainbow, or any evidentiary findings by the Court. The Court, having considered all pleadings and other documents filed in this action, including the stipulation of the Parties, hereby directs the entry of this Permanent Injunction and **ORDERS** as follows:

1. By no later October 31, 3012, Rainbow shall cease using the mark ROLEX by itself in all capital letters, and instead use the words "Rolex Watches." Such prohibition shall apply to all forms of Rainbow's advertising, marketing, promotion and media, including, but not limited to, signage, awnings, windows, doors, print ads and websites.

2. When Rainbow uses the words "Rolex Watches," it shall only do so in the following manner:

    a. "Rolex Watches" will appear in the Consolas font, with the word "Watches" as visible as the word "Rolex;"

    b. The word "Watches" will never appear smaller than ¾ the size of the word "Rolex;" and,

    c. The word "Watches" will always be placed to the immediate right or directly below the word "Rolex."

3. In addition to the restrictions set forth in Paragraphs 1 and 2 above, Rainbow agrees to the following:

    a. On its awning and store signs the words "Rolex Watches" (which will replace Rainbow's existing use of the trademark ROLEX) will appear only in the

        same locations and shade of white lettering that currently exists on its awning and/or store signs and was the subject of the Complaint in this action;

    b.    The size of "Rolex Watches" on both the street and avenue sides of Rainbow's awning/signage shall be no larger than 26" W x 6" H; and

    c.    The size of "Rolex Watches" shall never be larger than the size of the other brands noted on Rainbow's awning.[1]

4.    This Injunction shall govern and bind the activities of Rainbow, its employees, agents, servants, representatives, managers, and/or independent contractors, and all those in active concert or participation with any of them.

5.    Each Party shall bear its own fees and costs on all claims and counterclaims asserted in this action.

6.    The Court retains jurisdiction to enforce the provisions of the Injunction entered herein as well as the terms of the Parties' underlying settlement agreement.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 4th day of October 2012.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of record

---

[1] Thus, for example, if the other brands on Rainbow's awning are, or are going to be, 15" W x 4" H, the size of "Rolex Watches" should be no larger than 15" W x 4" H; likewise, if the other brands on Rainbow's awning are, or are going to be, 30" W x 8" H, the size of "Rolex Watches" should be no larger than 26" W x 6" H.